IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| EARL A. BRYANT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITIGROUP, INC., et al. ) <br> ) <br> Defendants. ) <br> ) | ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. 5:15-CV-411(MTT) <br> ) <br> ) <br> ) |

### ORDER

Before the Court are Plaintiff Earl Bryant's motion for an injunction, motion to stay, motion to change venue, and motion for the assignment of a "Federal Special Prosecutor," (Docs. 3; 4; 11; 13), as well as the Defendants' motions to dismiss. (Docs. 5; 7). For the following reasons, the Defendants' motions to dismiss are **GRANTED**, the complaint is **DISMISSED without prejudice**, and the Plaintiff's motion for an injunction, motion to stay, motion to change venue, and motion for the assignment of a "Federal Special Prosecutor" are **DENIED as moot**.

### I.   BACKGROUND

Around May 23, 2005, the Plaintiff executed a promissory note in favor of PHH Mortgage Corporation ("PHH" f/k/a Cendant Mortgage Corporation).[1] (Doc. 5 at 20-24). Bryant executed a security deed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") the same day. (Doc. 5 at 26-41). Citimortgage, Inc. ("CMI") held the

---

[1] Though the documents referenced in the Order are attached to Defendant Citigroup's motion to dismiss (Doc. 5), the Court may properly consider them because they are central to the Plaintiff's claim, and their authenticity is not challenged. *See Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005).

Plaintiff's note and serviced the Plaintiff's loan.  (Doc. 5 at 47-50).  Defendant Citigroup is a parent company of CMI.

On February 21, 2012, the Plaintiff, proceeding pro se, filed suit in this Court against CMI and Defendant Citigroup, alleging fraud and Racketeer Influenced and Corrupt Organizations Act ("RICO") claims after CMI notified the Plaintiff he was in default.  *Bryant v. Citigroup, Inc.*, No. 5:12-CV-61 (MTT), 2012 WL 2375084, at *1 (M.D. Ga.), Doc. 1.  The Court dismissed the complaint for failure to state a claim and thus did not address the Defendants' alternative argument that the claims against Defendant Citigroup should be dismissed because the pro se Plaintiff had not properly alleged personal jurisdiction.  *Id.* at *2.  The Eleventh Circuit affirmed the dismissal of the Plaintiff's claims against CMI but vacated and remanded the dismissal of the Plaintiff's claims against Defendant Citigroup, directing the Court to dismiss Defendant Citigroup for lack of personal jurisdiction because "[the Plaintiff] presented no facts that supported personal jurisdiction over Citigroup Inc."  *Bryant*, 512 F. App'x 994, 995 (11th Cir. 2013).

On November 25, 2013, the Plaintiff, proceeding pro se, again filed suit relating to his default on the loan, but this time only suing Defendant Citigroup.  *Bryant v. Citigroup, Inc.*, No. 5:13-CV-448 (MTT), 2014 WL 1347429, at *1 (M.D. Ga.).  The Court dismissed the complaint without prejudice for insufficient service of process because, after being put on notice by Defendant Citigroup, the Plaintiff failed to correct the deficiency in service.  *Id.* at *1-2; *see also* Fed. R. Civ. P. 4(m).  As a result, the Court did not address Defendant Citigroup's other grounds for dismissal.  *Bryant*, 2014 WL 1347429, at *4.

On August 3, 2014, the Plaintiff, represented by counsel, once more filed suit relating to his default on the loan, this time against CMI. *Bryant v. Citigroup, Inc.*, No. 5:14-CV-348 (MTT), Doc. 1. The suit originated in Bibb County Superior Court and was removed to this Court. *Id.* The Plaintiff alleged that (1) CMI improperly required Plaintiff to make escrow payments on the loan; (2) the assignment of the deed secured by the property to CMI was invalid "as a matter of law"; and (3) CMI failed to respond to the Plaintiff's request to validate the debt as required pursuant to the Fair Debt Collection Practices Act ("FDCPA"). *See id.* at Doc. 1-1 at 5-7; 15 U.S.C. §§ 1692-1692p. On October 30, 2014, the Plaintiff voluntarily dismissed the action with prejudice. *Id.* at Doc. 6.

On November 2, 2015, the Plaintiff, proceeding pro se, filed this suit against Defendants Citigroup and PHH alleging "mortgage servicing fraud," conspiracy, and various violations of his constitutional rights.[2] (Doc. 1 at 1). The Plaintiff also asks this Court for a "Mandatory Injunction To Stay All Subsequent Harmful Actions … ." (Doc. 1 at 1). On November 18, 2015, the Plaintiff filed a motion requesting the Court to (1) enjoin the activities taken by CMI and PHH in response to the Plaintiff's loan default including the cancellation of his property insurance after CMI foreclosed; and (2) a stay of the Fannie Mae "Notice to Occupants" dated November 6, 2015. (Doc. 3 at 1). A second motion was filed on November 19, 2015, requesting the same relief. (Doc. 4 at 1). Because both motions arise out of the same event and request the same relief the Court will address them together.

---

[2] The Plaintiff lists "Article I, Section 8 … Article III, Section 1 and Section 2 … Amendment IV … Amendment VII … Amendment XIV, Section 1" as sources of his "Denial of Constitutional and Civil Rights." (Doc. 1 at 1).

On November 25, 2015, Defendant Citigroup moved to dismiss for lack of personal jurisdiction, insufficient service of process, and failure to state a claim. (Doc. 5 at 10, 13, 14). On December 14, 2015, Defendant PHH moved to dismiss for the same reasons. (Doc. 7 at 8-10). On the same day, Defendant Citigroup responded to the Plaintiff's motions for an injunction and a stay, (Doc. 9 at 1), moving to deny the injunction and the stay for lack of personal jurisdiction, insufficient service of process, failure to satisfy the elements for an injunction, and failure to name the appropriate parties to enjoin. (Doc. 9 at 4-7). On December 31, 2015, the Plaintiff moved to "change venue" and attached what appears to be a "summons counterclaim" to a dispossessory action by the Federal National Mortgage Association in Bibb County State Court. (Doc. 11).

## II. DISCUSSION

### A. Insufficient Service of Process

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). Service of process is characterized as a subset of personal jurisdiction. *Rismed Oncology Sys., Inc. v. Baron*, --- F. App'x ---, 2015 WL 4385669, at *6 (11th Cir. 2015). Further, "[a] court cannot enter a binding judgment against a party over which it lacks personal jurisdiction." *Id.*

Defendants Citigroup and PHH contend that the complaint should be dismissed because the Plaintiff has not served the Defendants with a summons and a copy of the

complaint. (Docs. 5 at 13-14; 7 at 9-10; 9 at 5-6). Pursuant to Rule 4(m), the Court, after notice to the plaintiff, must dismiss the action without prejudice if the defendant is not served within 120 days after the complaint is filed, unless the plaintiff shows good cause for the failure or the Court, in its discretion, extends the time for service without a showing of good cause.[3] Fed. R. Civ. P. 4(m). Thus, the Court has discretion to extend the time for service even if a plaintiff has not shown good cause for failing to properly serve the defendant. *Horenkamp v. Van Winkle And Co., Inc.*, 402 F.3d 1129, 1132 (11th Cir. 2005). In exercising its discretion, the Court must consider whether other circumstances warrant an extension of time based on the facts of the case even if the plaintiff fails to show good cause. *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, "[p]ro se litigants are still held to filing deadlines." *White v. Americas Servicing Co.*, 461 F. App'x 841, 842 (11th Cir. 2012).

The Plaintiff filed his complaint on November 2, 2015. More than 120 days have elapsed, but there is no indication that the Plaintiff ever properly served the Defendants. The certificate of service states that the Plaintiff served the CEO of Citigroup and the CEO of PHH by United States mail. (Doc. 1-3 at 1). However, United States mail is not a permissible method of service. *See* Fed. R. Civ. P. 4(h)(1). The Plaintiff was on notice of his insufficient service by virtue of the Defendants' motions, but he never responded to the motions or otherwise offered an explanation for his failure to properly

---

[3] Although the effective date of the 2015 amendments to the Federal Rules of Civil Procedure is December 1, 2015, the amendments govern pending actions only "insofar as just and practicable." Order Amending the Federal Rules of Civil Procedure (Apr. 29, 2015), *available at* http://www.supremecourt.gov/orders/courtorders/frcv15(update)_1823.pdf. The Court considers the issue under the 120-day period rather than the amended 90-day period, but either period delivers the same result.

serve the Defendants.  (Docs. 5; 7; 9).  Instead, the Plaintiff filed five more motions and other filings.  (Docs. 10; 11; 12; 13; 14).  Accordingly, the Plaintiff has not shown good cause.  The Court further finds that no other circumstance warrants granting the Plaintiff additional time to serve the Defendants.  Because the Court is dismissing the case for insufficient service of process, the Court does not address the Defendants' other grounds for dismissal.

### III.    CONCLUSION

The Defendants' motions to dismiss (Docs. 5; 7) are **GRANTED**, the complaint is **DISMISSED without prejudice**, and the Plaintiff's motion for an injunction, motion to stay, motion to change venue,[4] and motion for the assignment of a "Federal Special Prosecutor" are **DENIED as moot**.  (Docs. 3; 4; 11; 13).

**SO ORDERED**, this 16th day of March, 2016.

                              S/ Marc T. Treadwell
                              MARC T. TREADWELL, JUDGE
                              UNITED STATES DISTRICT COURT

---

[4] It appears from some of the filings the Plaintiff attached to his motion that the Plaintiff may be attempting to remove a dispossessory action.  (Docs. 11; 11-1; 11-2; 11-3; 14).  The Plaintiff cites no basis for removing a civil action in state court *into* a pending federal suit.  Even so, it is clear that the Court would lack subject-matter jurisdiction over any such action.  A dispossessory action, based solely on state law, cannot confer federal question jurisdiction for purposes of removal, nor can the Plaintiff's counterclaims based on various federal laws.  *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Sanders*, 2015 WL 1568803, at *3 (N.D. Ga. 2015).  Subject-matter jurisdiction based on diversity of citizenship would likewise fail because "[a] claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for the purposes of determining the amount in controversy."  *Id.* (citation omitted).